**In re Barron SACKS, Individually.**

**Bankruptcy No. 80–2–0710–L.**

United States Bankruptcy Court,
D. Maryland.

Jan. 28, 1981.

Howard M. Heneson, Baltimore, Md., for debtor, Barron Sacks.

Lloyd O. Whitehead, Salisbury, Md., Trustee.

Alan J. Karlin, Baltimore, Md., for creditor, U. S. Life Credit Corp.

## MEMORANDUM OPINION AND ORDER

HARVEY M. LEBOWITZ, Bankruptcy Judge.

It is the practice in this Court to grant Debtors their discharge and to consider their applications for approval of reaffirmation agreements at the discharge hearing held pursuant to 11 U.S.C. § 524(d).

■ The Debtor, Barron Sacks, had, prior to the granting of the discharge, entered into a reaffirmation agreement with U. S. Life Credit Corporation, a creditor having a security interest in the Debtor's Toyota automobile. By the terms of the agreement, the Debtor reaffirmed the debt in the amount of $3,468, to be paid in 34 monthly payments of $102 each at an annual interest rate of 21 percent. A discharge hearing was held on December 10, 1980. The Debtor was represented at the hearing by his attorney, Howard M. Heneson. No one appeared on behalf of U. S. Life Credit. At the discharge hearing, the Court entered an order approving the reaffirmation agreement pursuant to 11 U.S.C. § 524(c) and (d) followed by the entry of the discharge.

On January 8, 1981, prior to the expiration of the 30-day period during which the Debtor could have rescinded the agreement pursuant to § 524(c)(2), the Debtor and U. S. Life Credit jointly filed an Application to Modify the Order Approving Debtor's Application to Reaffirm Debt. The modification provides for reaffirmation of the debt in the amount of $2,940 to be paid in 30 monthly payments of $98 per month at an annual interest rate of 18 percent.

The modified terms are clearly more favorable to the Debtor than those of the original agreement. The Court is of the opinion that it is in the best interest of the Debtor to grant the application and to allow modification of the terms of the original reaffirmation agreement. The Court also believes that it has the power to approve such a modification even though the Debtor has been discharged and the reaffirmation agreement, as modified, was neither made nor approved by the Court before the granting of discharge.

■ Every reaffirmation to be enforceable must be approved by the Court. 124 Cong.Rec.H. 11,096 (1978); 124 Cong.Rec.S. 17,413 (1978). Under the Bankruptcy Act of 1898, as Amended, 11 U.S.C. §§ 1–1103 (1970) ("Act"), a new promise to repay the discharged debt was a fully enforceable contract. Under the Act, the Court had no control over reaffirmation agreements, and a creditor would often illegally or through duress induce the debtor to reaffirm the debt to that particular creditor. 3 *Collier on Bankruptcy* 524–14 (15th ed. 1980). Congress, in enacting § 524, intended to insure that once a debt is discharged, the debtor will not be pressured in any way to repay it. H.R.Rep.No. 595, 95th Cong. 1st Sess. 366 (1977), U.S.Code Cong. & Admin. News 1978, p. 5787.

■ Approval of a modification of the reaffirmation agreement under the circumstances of this case would not offend the intent of Congress manifest in 11 U.S.C. § 524(c)(4). In the instant case, the Debtor has apparently utilized his absolute right of rescission granted by 11 U.S.C. § 524(c)(3) to persuade the creditor to agree to more favorable terms. The debt here sought to be modified is not one that has been discharged, but rather is one that continues to be acknowledged by the Debtor by virtue of the approval of the reaffirmation agreement in compliance with 11 U.S.C. § 524(c) and (d). This latter form of the obligation survives the discharge, and therefore, is no longer of the type which Congress sought to discourage nor is it within the purview of the abuses and harms which Congress sought to rectify.

■ The original reaffirmation agreement was required to be approved by the Court under 11 U.S.C. § 524(c)(4). The parties requested modification within the 30-day period during which the Debtor could rescind under 11 U.S.C. § 524(c)(2).

The new terms are of greater benefit to the Debtor and undoubtedly would have been approved by this Court had they been part of the original reaffirmation agreement.

For the reasons set forth above, it is this 28th day of January, 1981, by the United States Bankruptcy Court for the District of Maryland.

ORDERED that the Application to Modify the Order Approving Debtor's Application to Reaffirm Debt be and the same is hereby approved and the debt be and the same is hereby reduced to the amount of $2,940, including interest, to be repaid at a monthly rate of $98 per month for thirty (30) months at a reduced annual percentage rate of 18 percent until paid in full.